UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendant. | No.  2:25-cv-1138-TLN-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on February 22, 2022 (ECF No. 1) is before the court for screening. Plaintiff also seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis is granted.

    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). Plaintiff's complaint should be dismissed as frivolous and for failure to state a claim because plaintiff has already litigated these claims to a final judgment.

The doctrine of res judicata bars the re-litigation of "any claims that were raised or could have been raised" in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)). The court can raise and consider the res judicata issue sua sponte. See Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 329-30 (9th Cir. 1995). Res judicata bars a claim when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. Id.

Plaintiff's complaint is barred by the previous litigation in Singh v. Internal Revenue Service, et al., No. 2:24-cv-2162-DJC-AC ("prior case"). The court entered judgment in the prior case on February 28, 2025, dismissing plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. Singh v. Internal Revenue Service, et al., No. 2:24-cv-2162-DJC-AC, ECF Nos. 5, 8. That was a final judgment on the merits. See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal ... - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits."). The parties are in privity because they are identical.

Identify of claims is also satisfied because plaintiff alleges infringement of the same right based on a common nucleus of operative facts. See Brownback v. King, 592 U.S. 209, 215 n.3 (2021). In the prior case, plaintiff alleged ownership of properties that were protected by IRS liens, but that the IRS conspired with state officials to allow the state to take the property. See Singh v. Internal Revenue Serv., No. 2:24-CV-2162 DJC AC PS, 2025 WL 43041, at *2 (E.D. Cal. Jan. 7, 2025), report and recommendation adopted, No. 2:24-CV-2162 DJC AC PS, 2025 WL 660529 (E.D. Cal. Feb. 28, 2025). Plaintiff makes substantially the same allegations in the present case. (ECF No. 1 at 4-5.) The claims in the present action are barred by res judicata.

For the reasons set forth above, IT IS ORDERED as follows:

1. The Clerk of the Court shall assign a district judge to this case.

2. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

////

In addition, IT IS RECOMMENDED as follows:

1. This action be DISMISSED as barred by res judicata.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, singh25cv1138.scrn.fr

3